UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD B. FOX,<br><br>   Plaintiff,<br><br> v.<br><br>DAVID K. FOX, et al.,<br><br>   Defendants. | Case No. 25-cv-05452-NC<br><br>**ORDER FOR PLAINTIFF TO SHOW CAUSE ESTABLISHING DIVERSITY JURISDICTION**<br><br>Re: Dkt. No. 1 |

On June 30, 2025, self-represented Plaintiff Richard B. Fox filed a complaint against eight individual and organizational Defendants, alleging elder financial abuse in violation of a California statute. ECF 1. Because federal district courts must ensure they have subject matter jurisdiction over every case, the Court issues this Order for Plaintiff to provide additional information or an amended complaint establishing subject matter jurisdiction. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116 (9th Cir. 2004).

Because federal courts are courts of limited jurisdiction, a plaintiff must adequately allege that a court has subject matter jurisdiction to hear their case. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). To do so, a complaint must meet the requirements for either (1) federal question jurisdiction or (2) diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Diversity jurisdiction requires that parties are citizens of different states and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a). "Absent

unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

For purposes of diversity jurisdiction, "a corporation is a citizen only of (1) the state where its principal place of business is located, and (2) the state in which it is incorporated." *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899; 28 U.S.C. § 1332(c)(1). A corporation's principal place of business is usually "the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010). If a foundation or nonprofit organization is incorporated under state law, the citizenship of the foundation or nonprofit organization is determined in the same way as a corporation. *Kuntz v. Lamar Corp.*, 385 F.3d 1177, 1182–83 (9th Cir. 2004). An individual person is a citizen of a particular state when they are both domiciled within that state and are a citizen of the United States. "A person's domicile is her permanent home, where she resides with the intention to remain or to which she intends to return." *Kanter*, 265 F.3d at 857.

Here, the complaint alleges subject matter jurisdiction based on diversity jurisdiction because the matter "is between citizens of different states." ECF 1 ¶ 1. However, the complaint does not provide enough information for the Court to determine whether complete diversity of citizenship exists between Plaintiff and the eight Defendants. The Court highlights the follow issues:

- **Plaintiff does not allege citizenship.** Overall, Plaintiff does not allege the *citizenship* of any party to the case, which he must do to invoke diversity jurisdiction. *See Kanter*, 265 F.3d at 857.

- **Residency does not establish citizenship.** For many of the individuals that are parties to the case, Plaintiff only alleges the state in which the individual resides. Specifically, he alleges the state of residency for himself (California), David K. Fox (Florida), Margene B. Fox (Florida), and Allison Fox-Greene (Minnesota). ECF 1 at ¶¶ 4, 6, 8, 9. The Court notes that it is unclear if Allison Fox-Greene is the same individual as "Allison K. Fox,"

who is listed in the caption of the complaint as a defendant, but whose name does not appear in the body of the complaint. ECF 1 at 1. Plaintiff also alleges the "last known residential address" for Jay C. Johnson (Minnesota). ECF 1 ¶ 7. But "[a] person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." *Kanter*, 265 F.3d at 857. So, allegations of an individual defendant's state of residency are not enough to allege their state of citizenship. *See id.*

- **No information is provided for two individual defendants.** Plaintiff does not allege any information—even the state of residency—for two individual defendants, William D. Pickell and Roger D. Quern, that the Court can use to determine their citizenship.

- **Corporations are citizens of both the state where they are incorporated and the state where their principal place of business is located.** As to Defendant Lakeland Management Services, Plaintiff alleges only that it is a "Florida Corporation." Plaintiff does not allege the location of Lakeland Management Services' principal place of business. For Defendant Gerald C. Fox Foundation, Plaintiff does not allege the entity's state of incorporation, (or if it is unincorporated).

For the reasons stated above, the complaint does not adequately allege complete diversity of citizenship between the parties, and therefore does not adequately allege diversity jurisdiction as a basis for this case to be heard in federal court. **Plaintiff is ordered to file an amended complaint or to show cause in writing by July 23, 2025**, providing sufficient information to establish diversity jurisdiction or another basis for subject matter jurisdiction. Failure to do so may result in dismissal of the case.

**IT IS SO ORDERED.**

Dated: July 1, 2025

_____
NATHANAEL M. COUSINS
United States Magistrate Judge

3